**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **NICOLE BUSH-SANDERS,** ) | |
| ) | |
| **Plaintiff,** ) | **Case No.** 1:20-cv-07500 |
| ) | |
| **v.** ) | |
| ) | |
| **ABBOTT LABORATORIES, ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |

**NOTICE OF REMOVAL**

Defendants Takeda Pharmaceuticals U.S.A., Inc., Takeda Pharmaceuticals America, Inc., Takeda Development Center Americas, Inc. f/k/a Takeda Global Research & Development Center, Inc., and Takeda Pharmaceutical Company Limited ("Removing Defendants"), under 28 U.S.C. §§ 1332, 1441, and 1446, hereby file their Notice of Removal of this case from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. As grounds for removal, the Removing Defendants state:

**INTRODUCTION**

1. On May 31, 2019, Plaintiff filed a Complaint in the Circuit Court of Cook County, Illinois, in an action entitled *Bush-Sanders v. Abbott Laboratories, et al.*, Case No. 2019L006049. Plaintiff's Amended Complaint was deemed filed by Order of the Court on December 6, 2019. A copy of the state court pleadings, including the Complaint and Amended Complaint, is attached hereto as Exhibit A.

2. Plaintiff seeks damages as a result of alleged conduct by Defendants arising from Plaintiff's alleged use of certain prescription and over the counter medications, known as proton pump inhibitors ("PPIs"). *See* Am. Compl. ¶¶ 1-5. More specifically, the Amended Complaint

1

alleges that Plaintiff took the PPI products Prevacid, Prevacid 24HR, Prilosec, and Prilosec OTC "from at least approximately 1991 to 2016" and that "[a]s a direct and proximate result of Plaintiff's use of the PPI(s) . . . Plaintiff has suffered and was treated for Acute Kidney Injury ("AKI") and Chronic Kidney Disease ("CKD") since approximately June 2016 with related sequelae." *See* Am. Compl. ¶ 19.

3. Plaintiff asserts a variety of theories of liability, including Strict Product Liability (Count I), Strict Product Liability – Design Defect (Count II), Strict Product Liability – Failure to Warn (Count III), Negligence (Count IV), Negligence Per Se (Count V), Negligence – Failure to Test (Count VI), Breach of Express Warranty (Count VII), Breach of Implied Warranty of Merchantability (Count VIII), Negligent Misrepresentation (Count IX), Fraud and Fraudulent Misrepresentation as to Defendant AZ Pharm (Count X), Fraud and Fraudulent Misrepresentation as to Defendant AZ LP (Count XI), Fraud and Fraudulent Misrepresentation as to Defendant GSK LLC (Count XII), Fraud and Fraudulent Misrepresentation as to Defendant Merck (Count XIII), Fraud and Fraudulent Misrepresentation as to Defendant Novartis Corp (Count XIV), Fraud and Fraudulent Misrepresentation as to Defendant NPC (Count XV), Fraud and Fraudulent Misrepresentation as to Defendant NIBRI (Count XVI), Fraud and Fraudulent Misrepresentation as to Defendant NV&D (Count XVII), Fraud and Fraudulent Misrepresentation as to Defendant NCHI (Count XVIII), Fraud and Fraudulent Misrepresentation as to Defendant P&G (Count XIX), Fraud and Fraudulent Misrepresentation as to Defendants PGM and PGD (Count XX), Fraud and Fraudulent Misrepresentation as to Defendant Abbott (Count XXI), Fraud and Fraudulent Misrepresentation as to Defendant TPUSA (Count XXII), Fraud and Fraudulent Misrepresentation as to Defendant TPA (Count XXIII), Fraud and Fraudulent Misrepresentation as to Defendant TDC (Count XXIV), Fraud and

Fraudulent Misrepresentation as to Defendant TPC (Count XXV), Gross Negligence (Count XXVI), and Violation of Consumer Protection Laws and Deceptive Trade Practices (Count XXVII). Plaintiff asserts many of these claims "pursuant to all laws that may apply according to choice of law principles, including the law of the Plaintiff's resident State." *See* Am. Compl., ¶¶ 313, 344, 384, 413, 427, 435, 476, 1000, 1003.

4. This is one of thousands of cases that have been filed in both state and federal courts across the country involving PPI medications and allegations of kidney injury. On August 2, 2017, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order directing that then-pending federal PPI-related cases be transferred and coordinated for pre-trial proceedings in the United States District Court for the District of New Jersey, before the Honorable Claire C. Cecchi, pursuant to 28 U.S.C. § 1407. *See* Transfer Order, *In re Proton-Pump Inhibitor Products Liability Litigation (No. II)*, MDL 2789 (D.N.J.) attached hereto as <u>Exhibit B</u>. Additional PPI-related cases pending in federal court, which are common to the actions previously transferred to the District of New Jersey and assigned to Judge Cecchi, are treated as potential tag-along actions. *See id.*; *see also* Rules 7.1 and 7.2, R.P.J.P.M.L. (2016). Defendants intend to seek the transfer of this action to that Multidistrict Litigation, *In re Proton-Pump Inhibitor Products Liability Litigation (No. II)*, MDL 2789 (hereinafter "the MDL"), and shortly will provide the JPML with notice of this action pursuant to the procedure for "tag along" actions set forth in the Rules and Procedures of the JPML. Plaintiff concurs that this case should be sent to the MDL and has agreed not to contest this removal or transfer of this matter to the MDL.

**THE NOTICE OF REMOVAL IS TIMELY**

5. Plaintiff filed her Complaint on May 31, 2019 and her Amended Complaint on December 6, 2019. *See* Compl., Am. Compl. Defendant Abbott Laboratories ("Abbott") was

dismissed pursuant to Section 5/2-1009(a) of the Illinois Code of Civil Procedure by agreement of the parties and order of the court, entered November 23, 2020. Accordingly, removal is timely because this action as stated by the Complaint was not removable at the time of filing because 1) Abbott Laboratories is a citizen of the State of Illinois for diversity purposes in that it was incorporated in the State of Illinois and has its principal place of business in the State of Illinois; and 2) this Notice of Removal is being filed within thirty (30) days of receipt by the Removing Defendants of the court's November 23, 2020 order dismissing Abbott, from which it may first be ascertained that the case is one which has become removable. *See* 28 U.S.C. § 1446(b)(2). Although this removal is filed more than a year after the commencement of the action, the time limit in 28 U.S.C. § 1446(c), Plaintiff has agreed not to assert that removal of this case is untimely. *See Barrios v. Fashion Gallery, Inc.*, No. 15 C 10193, 2017 WL 1102755, at *2 (N.D. Ill. Mar. 23, 2017) (declining to remand despite removal more than a year after commencement); *accord Arnieri v. Cornhoff*, 807 F. Supp. 2d 739, 741 (N.D. Ill. 2011) (considering the 30-day removal requirement, "tardiness in removal is not a subject matter jurisdictional issue").[1] Accordingly, the one-year limitation on removal has been waived, and this case has been properly removed. No previous application for removal has been made.

## BASIS FOR SUBJECT-MATTER JURISDICTION IN THIS COURT

**The Requisite Diversity of Citizenship is Satisfied.**

6. As explained in further detail below, this Court has original jurisdiction under 28 U.S.C. § 1332(a) because complete diversity of citizenship between Plaintiff and each of the remaining Defendants exists, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

---

[1] *But see, e.g., Foiles v. Merrell Nat. Laboratories*, 730 F. Supp. 108, 110 (N.D. Ill. 1989) (finding the one-year limitation to be jurisdictional and not waivable).

7. Plaintiff is, and at the time of the filing of the Complaint was, a citizen of Illinois. *See* Am. Compl., ¶ 18.

8. Defendant AstraZeneca Pharmaceuticals LP is, and at the time of the filing of this action was, a Delaware limited partnership with its principal place of business in Delaware. Partnerships assume the citizenship of their general and limited partners. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (U.S. 1990) (partnerships assume the citizenship of their general and limited partners). AstraZeneca Pharmaceuticals LP's general partner is, and at the time of the filing of this action was, AstraZeneca AB, a Swedish corporation with its principal place of business in Sweden. AstraZeneca Pharmaceuticals LP's sole limited partner is, and at the time of the filing of this action was, Zeneca Inc., a Delaware corporation with its principal place of business in Delaware. Thus, for purposes of determining diversity jurisdiction in this action, AstraZeneca Pharmaceuticals LP is deemed to be a citizen of Delaware and Sweden.

9. Defendant AstraZeneca LP dissolved as a legal entity on December 31, 2018. However, previously, AstraZeneca LP was a Delaware limited partnership with its sole partner as AstraZeneca Pharmaceuticals LP. Thus, its prior citizenship is irrelevant for purposes of this removal. In any event, AstraZeneca LP was deemed to be a citizen of Delaware and Sweden prior to its dissolution.

10. Defendant Merck Sharp & Dohme Corporation, incorrectly named as Merck & Co., Inc. d/b/a Merck, Sharp & Dohme Corporation, is, and at the time of the filing of this action was, a New Jersey corporation with its principal place of business located in New Jersey. It therefore is a citizen of New Jersey under 28 U.S.C. § 1332(c)(1).

11. Defendant The Procter & Gamble Company is, and at the time of the filing of this action was, an Ohio corporation with its principal place of business in Ohio. It therefore is a citizen of Ohio under 28 U.S.C. § 1332(c)(1).

12. Defendant The Procter & Gamble Manufacturing Company is, and at the time of the filing of this action was, an Ohio corporation with its principal place of business in Ohio. It therefore is a citizen of Ohio under 28 U.S.C. § 1332(c)(1).

13. Defendant The Procter & Gamble Distributing LLC f/k/a The Procter & Gamble Distributing Co. is, and at the time of the filing of this action was, an Ohio corporation with its principal place of business in Ohio. It therefore is a citizen of Ohio under 28 U.S.C. § 1332(c)(1).

14. Defendant GlaxoSmithKline Consumer Healthcare Holdings (US) LLC is a Delaware limited liability corporation. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC's sole member is GlaxoSmithKline Consumer Healthcare Holdings (No. 2) Limited, which is incorporated in England and Wales and has its principal place of business in England. Thus, GlaxoSmithKline Consumer Healthcare Holdings (US) LLC is a citizen of the United Kingdom.

15. Defendant Novartis Consumer Health, n/k/a GSK Consumer Health, Inc., is, and at the time of the filing of this action was, a Delaware corporation with its principal place of business located in New Jersey. It therefore is a citizen of Delaware and New Jersey under 28 U.S.C. § 1332(c)(1).

16. Defendant Novartis Pharmaceuticals Corporation is, and at the time of the filing of this action was, a Delaware corporation with its principal place of business in New Jersey. It therefore is a citizen of Delaware and New Jersey under 28 U.S.C § 1332(c)(1).

17. Defendant Novartis Vaccines & Diagnostics, Inc. is, and at the time of the filing of this action was, a Delaware corporation with its principal place of business in New Jersey. It therefore is a citizen of Delaware and New Jersey under 28 U.S.C § 1332(c)(1).

18. Defendant Novartis Institutes for BioMedical Research, Inc. is, and at the time of the filing of this action was, a Delaware corporation with its principal place of business in Massachusetts. It therefore is a citizen of Delaware and Massachusetts under 28 U.S.C § 1332(c)(1).

19. Defendant Novartis Corporation is, and at the time of the filing of this action was, a New York corporation with its principal place of business in New Jersey. It therefore is a citizen of New York and New Jersey under 28 U.S.C § 1332(c)(1).

20. Defendant Takeda Pharmaceuticals U.S.A., Inc., is, and at the time of the filing of this action was, a Delaware corporation with its principal place of business in Massachusetts. It therefore is a citizen of Delaware and Massachusetts under 28 U.S.C. § 1332(c)(1).

21. Defendant Takeda Pharmaceuticals America, Inc., is, and at the time of the filing of this action was, a Delaware corporation with its principal place of business in Massachusetts. It therefore is a citizen of Delaware and Massachusetts under 28 U.S.C. § 1332(c)(1).

22. Defendant Takeda Development Center Americas, Inc. f/k/a Takeda Global Research & Development Center, Inc., is, and at the time of the filing of this action was, a Delaware corporation with its principal place of business in Massachusetts. It therefore is a citizen of Delaware and Massachusetts under 28 U.S.C. § 1332(c)(1).

23. Defendant Takeda Pharmaceutical Company Limited is, and at the time of the filing of this action was, a Japanese corporation having its principal place of business located in Japan. It therefore is a citizen of Japan under 28 U.S.C. § 1332(c)(1).

24. None of the properly joined Defendants is a citizen of Illinois, the state where Plaintiff is a citizen and the forum state. Complete diversity of citizenship therefore exists between Plaintiff and the remaining Defendants under 28 U.S.C. § 1332(a). Further, no properly joined Defendant is a citizen of Illinois, the forum state, and therefore 28 U.S.C. § 1441(b)(2) does not bar removal.

**The Requisite Amount in Controversy Is Satisfied.**

25. Plaintiff does not allege a specific amount in controversy in her Complaint or Amended Complaint. However, in Paragraph (a) of her demand for relief, he seeks an award of compensatory damages "in excess of $75,000" for items such as "pain, suffering, discomfort, physical impairment, emotional distress, loss of enjoyment of life, loss of consortium, wrongful death and other noneconomic damages." Am. Compl., Prayer for Relief, ¶ a. The Amended Complaint thus satisfies the amount in controversy requirement based upon its demand for noneconomic damages alone. In addition, Plaintiff seeks an award of economic damages in the form of unspecified medical expenses, out of pocket expenses, lost earnings and other economic damages (*Id.*, ¶ b), attorney's fees (*Id.*, ¶ e), and alleges the propriety of exemplary damages (*Id.*, ¶ 1001. On its face, therefore, the amount in controversy as to Plaintiff exceeds $75,000, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"); *see also Ross v. First Family Fin. Servs., Inc.*, No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("unspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332").

26. Moreover, Plaintiff alleges that "Plaintiff has suffered and was treated for Acute Kidney Injury ("AKI") and Chronic Kidney Disease ("CKD") since approximately June 2016 with related sequelae." *See* Am. Compl. ¶ 19.

27. In light of the severity of the allegations, the preponderance of the evidence demonstrates there is a reasonable possibility that the amount in controversy exceeds $75,000, exclusive of interest and costs.

28. In addition, related complaints alleging similar injuries have been filed in federal court and seek in excess of the jurisdictional minimum for federal diversity jurisdiction. *See, e.g.*, *Wilkerson v. AstraZeneca Pharmaceuticals LP et al.*, 2:17-cv-00215-CCC-MF (D.N.J., January 11, 2017) at ¶¶ 17, 58 (alleging "Renal/Kidney Failure" and that "the amount in controversy exceeds $75,000 exclusive of interest and costs"). As noted above, these matters have been transferred to the *In re Proton-Pump Inhibitor Products Liability Litigation (No. II)*, MDL 2789 (D.N.J.), MDL proceeding and this case, as a related action, will be tagged and transferred accordingly as a "tag along" action. Accordingly, the jurisdictional amount as required for original jurisdiction in this Court under 28 U.S.C. § 1332(b) is satisfied.

## PROCEDURAL REQUIREMENTS

29. The Removing Defendants will give written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of this Notice with the Circuit Court of Cook County, Illinois, as required by 28 U.S.C. § 1446(d).

30. The remaining Defendants have consented to removal of this action. Written consent of the remaining Defendants is attached hereto as <u>Exhibit C</u>.

31. Abbott has been dismissed and therefore its consent to removal is not required.

32. Novartis Corporation, Novartis Pharmaceuticals Corporation, Novartis Vaccines & Diagnostics, Inc., Novartis Institutes for BioMedical Research, Inc., The Procter & Gamble Company, The Procter & Gamble Manufacturing Company, and The Procter & Gamble Distributing LLC f/k/a The Procter & Gamble Distributing Co. have not been served and therefore their consent to removal is not required.

33. The United States District Court for the Northern District of Illinois, Eastern Division, is the district court for the United States for the district and division embracing the place where the action is pending and has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

34. If any question arises as to the propriety of the removal of this action, the Removing Defendants request the opportunity to brief any disputed issues and to present oral argument in support of its position that this action is properly removable.

35. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any Defendant's right to assert any defense or affirmative matter, including, without limitation, the defenses of (a) lack of jurisdiction over the person; (b) improper venue; (c) insufficiency of process; (d) insufficiency of service of process; (e) improper joinder of claims and/or parties; (f) failure to state a claim; (g) failure to join an indispensable party(ies); (h) lack of standing; or (i) any other procedural or substantive defense available under state or federal law.

36. The Removing Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, the Removing Defendants respectfully request that this cause be removed from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1441 and 1446, and that this Court grant all other appropriate relief.

>Respectfully submitted,
>
>*/s/ James Hemmings*
>Sherry A. Knutson (#6276306)
>James R. Hemmings (#6286380)
>**TUCKER ELLIS LLP**
>233 South Wacker Drive
>Suite 6950
>Chicago, Illinois 60606
>(312) 624-6300/Fax: (312) 624-6309
>sherry.knutson@tuckerellis.com
>james.hemmings@tuckerellis.com
>
>*Counsel for the Removing Defendants*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 18, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by electronic mail to:

E. Samuel Geisler
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 E. Main, Suite 200
Pensacola, FL 32502
SGeisler@awkolaw.com

Paul J. Pennock
Weitz & Luxenberg P.C.
700 Broadway
New York, NY 10003
ppennock@weitzlux.com
*Attorneys for Plaintiff*


Charles J. Swartwout
Boyle Brasher LLC
5000 West Main Street
PO Box 23560
Belleville, IL 62223
cswartout@boylebrasher.com
*Attorneys for Novartis Pharmaceuticals Corporation, Novartis Institutes for Biomedical Research, Inc., and Novartis Vaccines and Diagnostics, Inc.*


Heather L. Maly
Isaac J. Colunga
Ice Miller
200 W. Madison Street, Suite 3500
Chicago, Illinois 60606
heather.maly@icemiller.com
Isaac.colunga@icemiller.com
*Attorneys for AstraZeneca Pharmaceuticals LP, AstraZeneca LP, Merck Sharp & Dohme Corporation*

Booker T. Coleman, Jr.
Ulmer & Berne LLP, Firm I.D. No. 41041
500 West Madison Street, Suite 3600
Chicago, Illinois 60661
bcoleman@ulmer.com
***Attorneys for Procter & Gamble Defendants***


Timothy R. Carwinski
Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606-7507
tcarwinski@reedsmith.com

Stephen J. McConnell
Reed Smith LLP
Three Logan Square, 1717
Arch Street, Suite 1300
Philadelphia, PA 19103
smcconnell@reedsmith.com
***Attorneys for Defendants GlaxoSmithKline Consumer Healthcare Holdings (US) LLC and Novartis Consumer Health, Inc., n/k/a GSK Consumer Health, Inc.***


                                          */s/ Andrea Glinka Przybysz*